IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KENDRICK MARQUES BELL**                                                                 **PLAINTIFF**

v.                                                                              3:16-cv-718-WHB-JCG

**MARY RUSHING, et al.**                                                              **DEFENDANTS**

### REPORT AND RECOMMENDATION

BEFORE THE COURT is the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 45) filed by Defendants Travis Crain, Victor Mason, Mary Rushing, Matthew Templeton, and VeCarlos Tillman, which Defendant Bobreisha McDaniels joins. (ECF No. 48). Plaintiff Kendrick Marques Bell has not filed a response to Defendants' Motion. Having considered the submissions of the parties, the record, and relevant law, the undersigned recommends that Defendants' Motion (ECF No. 45) be granted and Plaintiff's claims be dismissed without prejudice for failure to exhaust administrative remedies prior to filing suit.

I. BACKGROUND

At the time of filing, Plaintiff Kendrick Marques Bell was a pretrial detainee housed at the Hinds County Detention Center ("HCDC") in Jackson, Mississippi. He states that he was arrested on March 24, 2016. (ECF No. 1, at 4). On September 14, 2016, he filed his Complaint (ECF No. 1), seeking monetary damages and injunctive relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. His meandering allegations run the gamut, from claims that defendants hit him

with a flashlight and threatened to allow inmates to harm him, to claims that he is housed in a cell with a broken toilet and nonfunctioning lights and is improperly required to fill out a sick call form to see a psychiatrist. *See* (ECF No. 1); (ECF No. 7); (ECF No. 11); (ECF No. 13); (ECF No. 14); (ECF No. 16). Plaintiff proceeds *pro se* and *in forma pauperis*.

On July 20, 2017, Defendants Crain, Mason, Rushing, Templeton, and Tillman filed Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 45), which asserts that Plaintiff failed to exhaust his available administrative remedies before filing this lawsuit. Defendant McDaniels joined in this Motion. The Court directed defense counsel to supplement this Motion with a detailed explanation of the grievance procedure in place during the relevant period, as well as a copy of that grievance procedure, during the omnibus hearing[1] held on July 27, 2017. Defendants filed this supplementation on August 24, 2017 and August 28, 2017. (ECF Nos. 57-61). Included is the sworn affidavit of Defendant Rushing, who is the Warden for HCDC. (ECF No. 57-1, at 1). In her sworn affidavit, Rushing attests to the fact that the earliest grievance filed by Plaintiff at HCDC was on October 19, 2016, more than a month after the instant case was filed. *Id.* at 2-3.

To date, Plaintiff has not responded to Defendants' Motion. Accordingly, the undersigned proceeds without the benefit of a response from Plaintiff.

---

[1] The omnibus hearing functioned as a screening hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

## II. DISCUSSION

### A. Legal Standards

#### a. Summary Judgment Standard

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

"A genuine dispute of material fact means that 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). If the evidence presented by the nonmovant "'is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Techs. USA, Inc. v. ENI U.S. Operating Co.*, 671 F.3d 512, 516 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 249). In deciding whether summary judgment is appropriate, the Court views the evidence and inferences in the light most favorable to the nonmoving party. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

b. The Prison Litigation Reform Act

Because Plaintiff is a prisoner pursuing a civil action seeking redress from government employees, the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321, H.R. 3019 (codified as amended in scattered titles and sections of the U.S.C.), applies and requires that this case be screened.

The PLRA provides that "the Court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see* 28 U.S.C. § 1915(e)(2)(B).

B. The PLRA's Exhaustion Requirement

A centerpiece of the PLRA's effort to "reduce the quantity and improve the quality of prisoner suits" is an "invigorated" exhaustion provision. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). The PLRA provides:

> No action shall be brought with respect to prison conditions under [42 U.S.C.§ 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Exhaustion is no longer left to the discretion of the district court, but is mandatory." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). "The PLRA attempts to eliminate unwarranted federal-court interference with the administration of prisons, and thus seeks to 'affor[d] corrections officials time and opportunity to

4

address complaints internally before allowing the initiation of a federal case.'" *Id.* at 93 (quoting *Porter*, 534 U.S. at 525). Proper exhaustion is required. A prisoner cannot satisfy the exhaustion requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." *Id.* at 83-84. And the grievance process must be exhausted "pre-filing." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

Exhaustion "is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time." *Dillon v. Rogers*, 596 F.3d 260, 272 (5th Cir. 2010). "[J]udges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id.*

C. <u>Plaintiff Did Not Exhaust All Available Administrative Remedies Before Filing Suit</u>

The grievance procedure in effect at HCDC from Plaintiff's arrest date through the date he filed suit[2] provides that inmates who wish to report a grievance must request a Grievance Form from HCDC personnel, complete the form, and submit the completed form for delivery to the Grievance Officer. The grievance is given to the appropriate staff member, who answers the grievance with a First Step Response within ten days. If the inmate is not satisfied with the First Step Response, the inmate has five days from the date the First Step Response was received to file a Second Step Form. This form is similarly given to the appropriate staff member, who is to issue a Second Step Response within ten days. If the inmate

---

[2] This grievance procedure was in effect from January 1, 2015 to March 31, 2017. *See* (ECF No. 61, at 4-6). On April 1, 2017, a new grievance procedure came into effect at HCDC. *See id.* at 1-3.

5

is again dissatisfied with the response, the inmate has five days from the date the Second Step Response was received to file a Third Step Form. This form is, again, given to the appropriate staff member, who is to issue a Third Step Response within ten days. (ECF No. 61, at 4-5).

Defendants argue that Plaintiff has failed to exhaust his available administrative remedies because "[i]t is clear from the grievances contained in the record that Plaintiff could not have exhausted his administrative remedies regarding the allegations that are the subject of this complaint." (ECF No. 58, at 10). This is because "his first grievance at HCDC was not filed until October 19, 2016, well over a month after he filed his complaint [on September 14, 2016]." *Id.* The Court agrees.

The Fifth Circuit has made clear that "pre-filing exhaustion is mandatory." *Gonzales*, 702 F.3d at 788. As Defendants point out, the undisputed record demonstrates that Plaintiff did not file any grievance while at HCDC before October 19, 2016. *See* (ECF No. 57-1, at 2-3). Moreover, Plaintiff's testimony during the omnibus hearing did not contradict Defendant Rushing's sworn statements regarding grievances filed by Plaintiff at HCDC. Plaintiff filed this lawsuit on September 14, 2016. (ECF No. 1). Accordingly, Plaintiff could not possibly have exhausted any of his claims in the present suit before it was filed. His claims should therefore be dismissed.

### III. RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (ECF No. 45) filed by Defendants Travis Crain, Victor Mason, Mary Rushing, Matthew Templeton, and VeCarlos Tillman, and joined by Defendant Bobreisha McDaniels (ECF No. 48) be GRANTED, and that Plaintiff's claims be dismissed without prejudice.

### IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

The Clerk of Court is directed to mail this Report and Recommendation to Plaintiff via USPS certified mail.

**SIGNED,** this the 24th day of October, 2017.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE