IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KENDRICK MARQUES BELL**                                    **PLAINTIFF**

VS.                                  CIVIL ACTION NO. 3:16-cv-718-WHB-JCG

**MARY RUSHING, ET AL.**                                    **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on the Report and Recommendation ("R and R") of United States Magistrate Judge John C. Gargiulo. After considering the R and R[1] and the other pleadings in this case, the Court finds it should be adopted in its entirety.

## I. Discussion

In September of 2016, Kendrick Marques Bell ("Bell") filed a lawsuit in this Court alleging that his constitutional rights were violated while he was detained at the Hinds County Detention

---

[1] The parties were required to file objections to the R and R on or before November 7, 2017. No objections were filed.
   The Docket shows that beginning in September of 2017, several Orders sent by the Clerk of Court to Plaintiff's last known address were returned "undeliverable". Plaintiff has not made any attempt to notify the Court of his current address even though he was expressly and repeatedly warned that the failure to do so could result in the dismissal of his lawsuit. See e.g. Orders [Docket Nos. 3, 8, 10, and 12]. Additionally, a search of the Mississippi Department of Corrections database did not reveal Plaintiff's current location.

Center.[2]  Through his Complaint, Bell sought compensatory damages and injunctive relief under 42 U.S.C. § 1983.  During the course of litigation, the defendants moved for summary judgment on the grounds that Bell had not exhausted his administrative remedies as required to proceed on his Section 1983 claims.

The matter came before United States Magistrate Judge John C. Gargiulo who entered the R and R that is presently before the Court.  In his R and R, Judge Gargiulo found that there did not exist a genuine issue of material fact as to whether Bell had exhausted his administrative remedies as required by the Prison Litigation Reform Act before filing his lawsuit.  This finding was based on unrefuted evidence that Bell had not filed any grievances with respect to his pretrial detention until after his lawsuit had been filed in this Court.  See R and R [Docket No. 67], 5-6.  After finding that Bell had not exhausted his administrative remedies as required, Judge Gargiulo recommended that the Motion of Defendants for Summary Judgment be granted, and that Bell's lawsuit be dismissed without prejudice.  Id. at 7.

After reviewing the R and R, to which no objections have been filed, as well as the other pleadings in this case, the Court agrees that summary judgment should be granted in favor of the defendants, and that Bell's lawsuit should be dismissed without

---

[2]  As Bell is proceeding *pro se*, the allegations in his pleadings have been liberally construed.  See United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

2

prejudice, for the reasons given by Judge Gargiulo. Accordingly, the Court will adopt Judge Gargiulo's R and R in its entirety.

For the foregoing reasons:

IT IS THEREFORE ORDERED that the October 24, 2017, Report and Recommendation of United States Magistrate Judge John C. Gargiulo [Docket No. 67], is hereby adopted as the ruling of this Court.

IT IS FURTHER ORDERED that the Motion of Defendants for Summary Judgment [Docket No. 45] is hereby granted.

A Final Judgment dismissing this case, without prejudice, shall be entered this day.

SO ORDERED this the 14th day of November, 2017.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE